■ CIOFFI BROTHERS, INC., Appellant, v. TEXACO INCORPORATED, Respondent.— Appeal from (1) an order of the Supreme Court at Special Term, entered April 24, 1972 in Albany County, which granted defendant's motion for summary judgment dismissing the plaintiff's complaint and which granted defendant's motion for summary judgment on its counterclaim in the amount of $5,126.76, plus interest, and (2) from the judgment entered thereon. Appellant owned a retail gasoline station in the City of Albany, and on May 1, 1961 entered into a contract with respondent for the purchase and sale of gasoline and related products. This contract was to run until August 14, 1968, and thereafter from year to year unless terminated by notice from one party to the other 30 days prior to August 14, 1968 or any succeeding anniversary thereof. In early 1968, appellant notified respondent's local office of its desire to negotiate a new agreement. On May 7, 1968, appellant signed a proposal which, in express terms, stated that it would not be binding upon respondent until signed by a duly authorized officer thereof. The signature of respondent's sales representative appears on the document, but only as a witness, not as agent, and respondent never executed the agreement. Appellant took no affirmative steps to cancel the 1961 contract until August of 1969. The May 7 proposal was ultimately disapproved by respondent. During the period between August, 1968 and August, 1969, the parties continued to do business. Appellant brought this action seeking damages for breach of the alleged contract of May 7, 1968, while respondent counterclaimed for goods sold and delivered between March and September of 1969 under the 1961 contract. It is clear that respondent's failure to execute the " contract" which appellant knew, by its terms, would not be binding unless so signed, left the 1961 contract in force. If appellant had desired to continue its business relationship with respondent only under the terms of the May 7, 1968 proposal and did not wish to continue under the terms of the 1961 contract, it was free to terminate the latter. Moreover, having failed to take this simple step which would have terminated an obligation it allegedly wished to be free of, and having continued thereafter to accept goods under its terms, appellant has not alleged facts which might warrant application of the doctrine of equitable estoppel. Since the proposal of May 7, 1968 never became a contract, and appellant has raised no defense to respondent's counterclaim under the 1961 contract, the determination by Special Term granting summary judgment to respondent was correct. Order and judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.